UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRIS WIX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-CV-00125-JRG-CRW ) |
| MAYOR RICHARD S. VENABLE, SHERIFF JEFF CASSIDY, CPL. WISHEY, and CAPT. MOUDY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Sullivan County Detention Center, filed a pro se complaint for violation of § 1983 arising out of an incident during his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] before screening the complaint [Doc. 1].

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  28 U.S.C. § 1914(a).  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.  28 U.S.C.§ 1915(b)(1)(A) and(B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty

percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Background**

Plaintiff claims that on the day before inmates assaulted him in his cell, he told an unspecified officer on Lt. Kavn's shift that he feared for his life [Doc. 1 at 3–4]. But nothing happened after Plaintiff made this statement, so Plaintiff filed a grievance indicating that "[he] had problems and wanted to be moved" [*Id.* at 4]. The next day, inmates in Plaintiff's cell attacked him and others and made Plaintiff fight his friend and another person [*Id.*].

Plaintiff has sued Mayor Richard S. Venable, Sheriff Jeff Cassidy, Cpl. Wishey, and Capt. Moudy [*Id.* at 1, 3].[1] As relief, Plaintiff seeks to hold responsible parties accountable, medical treatment, a transfer, a federal investigation, monetary damages, and charges brought against the responsible inmates and officers [*Id.* at 5].

**C.     Analysis**

It is apparent that Plaintiff seeks to hold Defendants liable for their alleged failure to protect him from the inmates who attacked him and made him fight other people in his cell. Because Plaintiff was presumably a pretrial detainee at the time of the incident underlying his complaint, the Court analyzes his failure to protect claim under the Fourteenth, rather than the Eighth, Amendment. *Brawner v. Scott Cnty., Tenn.,* 14 F.4th 585, 596 (6th Cir. 2021). Under the Fourteenth Amendment, pretrial detainees cannot be subjected to punishment prior to a

---

[1] Plaintiff also indicates that he wants to sue other unspecified officers [*Id.* at 3]. However, this statement fails to commence a civil action against these individuals. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against unknown defendants "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)).

determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). Accordingly, for Plaintiff's complaint to state a plausible claim that any Defendant failed to protect him from other inmates, Plaintiff must set forth facts from which the Court can infer that the Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff does not do so. While Plaintiff states that he alerted an unspecified officer that he feared for his life the day before the incident at issue in his complaint, he has not sued that Defendant. Nor has Plaintiff indicated that any Defendant knew of his grievance or otherwise was aware of any risk of harm to Plaintiff, such that he could be liable under § 1983. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Moreover, to the extent that Plaintiff has sued any Defendant in his official capacity, that is actually a claim against Sullivan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). For a municipality to be liable under § 1983, the plaintiff must establish that a custom or policy of that entity caused a violation of his constitutional rights. *Monell*, 436 U.S. at 694 (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). Plaintiff has not set forth any facts from

4

which the Court can plausibly infer that any custom or policy of Sullivan County caused the incident in his complaint.

Accordingly, this action will be **DISMISSED without prejudice**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE